UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENISE MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 2496 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| PETER KRAMER, SHARON LITTLE, Director of | ) | |
| Personnel, BETTY BOYLES, Vice President of Service | ) | |
| Employees International Union Local 73, AMANDA | ) | |
| GAGE WILLIS, BARNESSA TATE, Commander, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Denise Murray brought this *pro se* action alleging wrongful termination under the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, and due process violations

under 42 U.S.C. §§ 1983, 1985, & 1986. Doc. 1. As defendants, Murray named Peter Kramer,

Barnessa Tate, and Sharon Little, who are employed by her former employer, the Cook County

Sheriff's Department; Betty Boyles, the vice president of the Service Employees International

Union, Local 73; and Amanda Gage Willis, whose connection to the case is unclear. The court

granted Murray's application to proceed *in forma pauperis* but, noting the possibility that she

had not filed a timely administrative charge with the Equal Employment Opportunity

Commission ("EEOC") before bringing suit, ordered her to show cause why her ADA claim

should not be dismissed. Doc. 6. Having reviewed Murray's response, Doc. 7, and having also

considered her constitutional claims, the court dismisses the complaint under 28

U.S.C. § 1915(e)(2)(B)(ii), which provides that "the court shall dismiss" a case filed *in forma*

*pauperis* "if the court determines that … the action … fails to state a claim on which relief may be granted."

A plaintiff in Illinois who wants to bring in federal court a claim under Title I of the ADA must first file an administrative charge with the EEOC within 300 days of the alleged unlawful employment practice. *See* 42 U.S.C. § 12117 (ADA provision adopting the exhaustion procedures set forth in Title VII, 42 U.S.C. § 2000e-5); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 636 (7th Cir. 2004) ("an employee may sue under the … ADA only if he files a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice"). The plaintiff must present in the administrative charge any claim she later wants to pursue in federal court. *See McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996) ("[g]enerally, a Title VII plaintiff may bring only those claims that were included in her EEOC charge"). This exhaustion rule "serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employe[r] some warning of the conduct about which the employee is aggrieved. … For allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citation omitted); *see also Porter v. New Age Servs. Corp.*, 463 F. App'x 582, 584 (7th Cir. 2012).

Murray was terminated on August 17, 2011, but she did not file her administrative charge until November 20, 2012, well after 300 days had passed. In response to the order to show cause, Murray submitted a letter explaining the reasons for her late filing. Doc. 7. The day after her termination, on August 18, 2011, Murray began to contact attorneys. When Murray

informed these attorneys that she had a union representative, they told her that there "were no

legal resources available to [Murray] until [the] Union had finished it[]s process." *Ibid*. (internal

quotation marks omitted).  Once Murray had "completed the process with [her] Union," she

searched again for legal assistance. *Ibid*.  Murray had no knowledge of the EEOC at that point,

but learned of the agency after a conversation with her sister-in-law. *Ibid*.  She filed her

administrative charge soon thereafter. *Ibid*.  The EEOC then sent her a letter telling her that her

charge was not timely filed. *Ibid*.; Doc. 1 at 7.  She urged the EEOC to make an exception,

explaining the reasons for her late filing, but the EEOC declined to investigate her complaint.

Doc. 7.

Equitable tolling applies to the 300-day period for filing an administrative charge with

the EEOC. *See Hentosh v. Herman M. Finch Univ. of Health Scis./The Chicago Med. Sch.*, 167

F.3d 1170, 1174 (7th Cir. 1999) ("The timely filing of an EEOC [administrative] charge is not a

jurisdictional prerequisite to filing a federal lawsuit, but rather, is more akin to a statute of

limitations and subject to waiver, estoppel, and equitable tolling under appropriate

circumstances.").  The Seventh Circuit recently explained the three circumstances where

equitable tolling might be available:

> In discrimination cases[,] equitable tolling extends filing deadlines in only
> three circumstances: when a plaintiff exercising due diligence cannot within
> the statutory period obtain the information necessary to realize that she has
> a claim; when a plaintiff makes a good-faith error such as timely filing in
> the wrong court; or when the defendant prevents a plaintiff from filing
> within the statutory period).

*Porter*, 463 F. App'x at 584 (citations omitted); *see also Shropshear v. Corp. Counsel of City of

Chi.*, 275 F.3d 593, 595 (7th Cir. 2001) (describing the third circumstance as equitable estoppel

rather than equitable tolling).  Because Murray does not assert that she was unaware of her ADA

claim at the time of her firing or that her employer prevented her from timely filing, the only circumstance that could possibly apply here is "good-faith error." While Murray does not clearly spell out a "good-faith error" that led to her untimely filing, her letter can be construed to assert two errors, neither of which entitles her to equitable tolling.

First, Murray says that she waited until after her union investigation concluded to pursue further remedies. However, the Supreme Court has held that "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods." *Del. State Coll. v. Ricks*, 449 U.S. 250, 261 (1980); *see also Vaught v. R.R. Donnelley & Sons Co.*, 745 F.2d 407, 412 (7th Cir. 1984); *see also Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1179 (10th Cir. 2011); *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1009 (9th Cir. 2011); *Currier v. Radio Free Europe/Radio Liberty, Inc.*, 159 F.3d 1363, 1368 (D.C. Cir. 1998).

Second, Murray says that she lacked information about the EEOC, either because of her own ignorance or because the lawyers she consulted led her to believe she could take no action with the EEOC until after the union had completed its process. The "general rule" in the Seventh Circuit is that "reasonable mistakes of law are not a basis for equitable tolling," even if the plaintiff is *pro se*. *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004); *see also Hendrix v. Blager Concrete Co.*, 412 F. App'x 891, 892 (7th Cir. 2011) ("Flexibility may be appropriate for pro se litigants, who are likely not well versed in complex procedural rules. But Hendrix has not offered any reason for his delay in filing, and his unrepresented status does not excuse his untimeliness.") (citation omitted). This includes reasonable mistakes made in reliance on an attorney's mistaken advice, a point illustrated by *Hoosier Bancorp of Indiana, Inc. v. Rasmussen*, 90 F.3d 180 (7th Cir. 1996):

> [P]laintiffs assert that their former counsel misinterpreted the law to require exhaustion prior to filing their current Bivens action. They argue that this good faith mistake entitles them to an equitable tolling for the entire period in which they sought administrative relief. Even if we were to accept plaintiffs' assertion regarding their counsel as true, there is absolutely no authority for tolling a statute of limitations while a party takes unnecessary legal action, regardless of whether that action was taken in good faith. The doctrine of equitable tolling aids plaintiffs who, because of "disability, irremediable lack of information, or other circumstances beyond his control just cannot reasonably be expected to sue in time." *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996). *It does not provide aid to those plaintiffs who fail to research the requirements of bringing a lawsuit.*

*Id*. at 183 (emphasis added). The same result obtains here, as Murray simply failed to research the prerequisites for bringing her ADA claim. There was no "irremediable lack of information": the EEOC makes publicly available the requirement for filing a charge before bringing suit, *see Employees & Job Applicants*, U.S. EEOC, http://www.eeoc.gov/employees/index.cfm (visited May 9, 2013), and also publicizes the time limits for filing an administrative charge, *see Time Limits for Filing a Charge*, U.S. EEOC, http://www.eeoc.gov/employees/timeliness.cfm (visited May 9, 2013).

For these reasons, Murray is not entitled to equitable tolling. *See Grzanecki v. Bravo Cucina Italiana*, 408 F. App'x 993, 996 (7th Cir. 2011) (rejecting equitable tolling and dismissing a *pro se* employment discrimination complaint because the federal rules clearly delineated how to count weekends and holidays and "neither the court nor any of the defendants had misled [the plaintiff] into filing late"). It follows that her ADA claim must be dismissed on limitations grounds. *See Porter*, 463 F. App'x at 584-85 (affirming summary judgment for the defendant where the ADA plaintiff filed her EEOC administrative charge one month too late and failed to state circumstances that would entitle her to equitable tolling); *Stepney v. Naperville Sch. Dist.*, 203, 392 F.3d 236, 241 (7th Cir. 2004) ("Stepney's EEOC charge, filed more than

600 days after the accrual of his claims, was untimely and that untimeliness bars the present action."); *Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C.*, 277 F.3d 882, 892-93 (7th Cir. 2001) ("[t]he district court correctly found that these claims were barred by the Title VII statute of limitations" where the plaintiff's "complaint to the EEOC was filed more than 300 days" after the plaintiff should have known of alleged discrimination). Because Murray has been given an opportunity to address the limitations issue, and because the limitations problem cannot be cured, the dismissal is with prejudice. *See Grzanecki*, 408 F. App'x at 995 (affirming dismissal with prejudice where the employment discrimination plaintiff, though given an opportunity, could not establish a factual predicate for equitable tolling); *Woodard v. Hamilton Sundstrand Corp.*, 2002 WL 226876, at *1-2 (N.D. Ill. Feb. 14, 2002) (dismissing a Title VII claim with prejudice for failure to comply with the 300-day rule); *Chaney v. City of Chicago*, 1996 WL 718519, at *6 (N.D. Ill. Dec. 12, 1996) (same); *cf. Smith v. Union Pac. R.R. Co.*, 474 F. App'x 478, 481 (7th Cir. 2012) ("Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint.").

Murray's constitutional claims are not barred by the statute of limitations, but Murray has not alleged sufficient facts to proceed with those claims. In considering whether to Murray has stated a viable constitutional claim, the court assumes the truth of the complaint's factual allegations, though not its legal conclusions. *See Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012); *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Murray's constitutional allegations are conclusory at best. The complaint alleges: "Also constitution rights [*Cleveland Bd. of Educ. v. Loudermill*], 470 U.S. 532 [(1985),] under 42 U.S.C. sections 1983, 1985, and 1986." Doc. 1 at 5. Then, after providing a detailed narrative describing why her

termination was unjustified and how her employer, the Sheriff's Department, failed to follow its

own rules for termination, the complaint alleges:

> During this time it has allowed me to research and find more of my rights
> which were violated.  The United States 14 Amendment allow me the right
> to Due Process.  The United States Supreme Court landmark decision in
> Loudermill et. al, 470 U.S. 532, and other court decisions that set the
> framework for employee investigations in the public sector where discipline
> particularly termination may be the end result.  The Loudermill decision
> requires a minimum level of "due process" be provided to public employees
> before they can be deprived of a constitutionally protected "property
> interest" in employment.

*Id*. at 10 (some citations omitted).  The complaint then quotes extensively from a practice guide

on "Loudermill hearings" and alleges again that Murray's due process rights were violated.  *Id*.

at 10-16.  *Loudermill* addresses the due process rights of public employees.  *See Bodenstad v.*

*Cnty. of Cook*, 569 F.3d 651, 663-64 (7th Cir. 2009).

The complaint's allegations cannot support Murray's claim that her termination by the

Sheriff's Department violated due process.  The Supreme Court has instructed:

> To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to state a claim to relief that is plausible on its face.
> … [O]nly a complaint that states a plausible claim for relief survives a
> motion to dismiss.  Determining whether a complaint states a plausible
> claim for relief will … be a context-specific task that requires the reviewing
> court to draw on its judicial experience and common sense.  But where the
> well-pleaded facts do not permit the court to infer more than the mere
> possibility of misconduct, the complaint has alleged—but it has not
> "show[n]" [as required by Federal Rule of Civil Procedure 8]—"that the
> pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-69 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (citations and

quotation marks omitted).  Under this standard, Murray has not stated a viable due process

claim; the complaint merely asserts that her termination violated due process without setting

forth "sufficient factual matter" to make that claim plausible.

Murray's complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). The ADA claim is dismissed with prejudice. The §§ 1983, 1985 and 1986 claims are dismissed without prejudice, and Murray will be given one more chance to plead a due process claim. *See* Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend] when justice so requires."); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible."); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) ("As a general matter, Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint or other pleading."). If Murray wishes to replead, she must do so by June 7, 2013.

May 10, 2013

_____
United States District Judge