UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENISE MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 2496 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| SHARON LITTLE, BERNESSA TATE, PATRICK FITZGERALD, RICHARD ELLITCH, and JOSEPH WAYS, SR., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Denise Murray brought this *pro se* action alleging wrongful termination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, and 42 U.S.C. §§ 1983, 1985, & 1986. Doc. 1. The court dismissed Murray's original complaint for failure to state a claim. Docs. 8-9 (reported at 2013 WL 1966133 (N.D. Ill. May 10, 2013)). Murray then filed an amended complaint alleging a due process claim under § 1983 against nine defendants. Doc. 10. The court dismissed with prejudice the claims against four defendants. Doc. 12. The remaining defendants are Sharon Little, Bernessa Tate, Joseph Ways, Richard Ellitch, and Patrick Fitzgerald, all employed by Murray's former employer, the Cook County Sheriff's Department, and all who apparently worked with Murray at the Cook County Department of Corrections. Doc. 10 at 1. Tate, Little, and Fitzgerald moved to dismiss the amended complaint for lack of subject matter jurisdiction and failure to state a claim under Rules 12(b)(1) and 12(b)(6). Doc. 34. Ways and Ellitch filed a substantively identical motion. Doc. 45. The motions are denied.

In considering the motions to dismiss, the court assumes the truth of the amended complaint's factual allegations, though not its legal conclusions. *See Munson v. Gaetz*, 673 F.3d

1

630, 632 (7th Cir. 2012). The court must also consider "documents attached to the [amended] complaint, documents that are critical to the [amended] complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Murray's brief opposing dismissal, so long as those facts "are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The following facts are set forth as favorably to Murray as those materials allow. *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

On July 8, 2011, Little, the "Director of Personnel," had Murray sign a "set of documents" in which she unwittingly agreed to take a drug test. Doc. 10 at 10. Later that day, Tate, Murray's shift supervisor, told Murray that she missed her drug test and could not report to work. *Ibid*. Unbeknownst to Murray, an investigation began on July 15. *Ibid*. On July 26, Murray reported to the Office of Professional Review ("OPR"), where she explained to Fitzgerald and Ellitch, alleged to be "Investigators," that she was unaware that she needed to report for a drug test and that had she known, she would have complied because she never had drugs in her system. *Ibid*. A report signed by Fitzgerald, Ellitch, and Ways, OPR's executive director, sustained the allegations against Murray. *Id*. at 13. The next day her employment was terminated. *Id*. at 10. Murray never received a hearing or "advance notice that there was an [i]nvestigation [i]n process." *Ibid*.

In the ensuing weeks, Murray spoke to "Personnel Director Ms. Rosie Noland" and "a County Official" while accompanied by her "Union Rep." *Id*. at 11. On October 5, 2012, Murray had "[her] Arbitration Hearing." *Ibid*. She alleges that Little perjured herself, which led to the denial of her "grievance." *Ibid*.

The gist of Murray's due process claim is that she had a Fourteenth Amendment property interest in her continued employment. She argues that Defendants' conduct caused the deprivation of this interest without sufficient process. Doc. 47 at 1. Defendants offer three grounds for dismissing Murray's claim. None has merit.

First, Defendants argue that § 12 of the Illinois Arbitration Act, 710 ILCS 5/12, required Murray to appeal the arbitrator's decision within ninety days, that Murray did not meet that deadline, and therefore that Murray's belated filing deprives the court of subject matter jurisdiction. Doc. 34 at 4-5. Section 12 applies to motions to vacate an arbitration award, which Murray has not filed. *See* 710 ILCS 5/12 ("Vacating an award. (a) Upon application of a party, the court *shall vacate* an award where: [listing grounds]"). She instead pursues a claim under § 1983. Thus, federal question jurisdiction is proper under 28 U.S.C. § 1331.

It is true that an unconfirmed arbitration award might possibly have a preclusive effect on a subsequent suit arising out of the same facts. *See McDonald v. City of W. Branch*, 466 U.S. 284, 289-90 (1984) (holding that the plaintiff's § 1983 action was not precluded by previous arbitration, in which the arbitrator found that the plaintiff's termination was justified by cause, reasoning that "Congress intended [§ 1983] to be judicially enforceable and … arbitration could not provide an adequate substitute for judicial proceedings"); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 50-51 (1974) (holding that an employee's agreement to arbitrate a dispute over a collective bargaining agreement did not preclude suit under Title VII because the "distinctly separate nature of these contractual and statutory rights is not vitiated merely because both were violated as a result of the same factual occurrence"); *Stullberg v. Intermedics Orthopedics, Inc.*, 997 F. Supp. 1060, 1066 (N.D. Ill. 1998) ("unconfirmed arbitration proceedings can, but do not necessarily, have preclusive effect on subsequent federal court proceedings") (internal quotation

3

marks omitted); *cf. Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 35 (1991) (holding that an employer could compel arbitration of an Age Discrimination and Employment Act claim because, unlike the parties in *Alexander*, the plaintiff and defendant agreed to arbitrate contractual and statutory claims). But Defendants do not argue that the arbitration has a preclusive effect. The argument therefore is forfeited because, unlike defects in the court's subject matter jurisdiction, "res judicata must be properly raised or it is waived." *Crowder v. Lash*, 687 F.2d 996, 1008 (7th Cir. 1982); *see also Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607 n.19 (1975). Even if Defendants had raised claim preclusion, the record contains almost no information about the arbitration—*e.g.*, the parties' arbitration agreement, what issues the arbitrator decided—making it impossible to ascertain the arbitration award's preclusive effect on this case.

Second, Defendants contend that Murray fails to state a claim because she "fails to assert any of the five grounds laid out under [the Illinois Arbitration Act] for overturning the arbitrator's decision." Doc. 34 at 5-7 (citing 710 ILCS 5/12(a)). This argument rests on the same mistaken premise as their first argument. Murray's § 1983 claim is not a motion to vacate the arbitration award, which means that the Illinois Arbitration Act does not apply.

Third, Defendants argue that Murray fails to state a due process claim under § 1983. "The standard elements of a due process claim include whether the plaintiff suffered a deprivation of a cognizable property or liberty interest, and whether any such deprivation occurred without due process." *Omosegbon v. Wells*, 335 F.3d 668, 674 (7th Cir. 2003). Citing the presumption that all Illinois employees are employed at will, Defendants maintain that Murray has not alleged a property interest. Doc. 34 at 7-8 (citing *Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009)). But in her response to the motions to dismiss, Murray asserts that she

could not be "terminated … at will without cause" and that her "Union Contract … protect[ed] employees from being terminated at will." Doc. 47 at 2 (internal quotation marks omitted). This allegation must be taken as true on a Rule 12(b)(6) motion, and settled precedent holds that this type of interest in continued employment constitutes a Fourteenth Amendment property interest. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985) (holding that public employees that "retain their positions during good behavior and efficient service, who could not be dismissed except for misfeasance, malfeasance or nonfeasance in office, … plainly supports the conclusion … that respondents possessed property rights in continued employment") (internal quotation marks, original alterations, and citations omitted); *Flaningam v. Cnty. of Winnebago*, 243 F. App'x 171, 173 (7th Cir. 2007) ("Under Illinois law a public employee who may be terminated only for cause has a property interest in continued employment."); *Baird v. Bd. of Educ. for Warren Cmty. Unit Sch. Dist. No. 205*, 389 F.3d 685, 690 (7th Cir. 2004).

Defendants also maintain that Murray fails to allege "any specific unconstitutional practices by [Defendants] which deprived [Murray of her] alleged property interest." Doc. 34 at 8. Again, Defendants are wrong. The termination obviously deprived Murray of her interest in continued employment and, accepting Murray's allegations as true, the deprivation was not accompanied by adequate process. The Due Process Clause requires at least "some kind of hearing prior to the discharge of an employee who has a constitutionally protected property interest in [her] employment." *Loudermill*, 470 U.S. at 542 (internal quotation marks omitted). Murray meets this standard by alleging she received no process at all. Doc. 10 at 10 (alleging that Murray "was never given an opportunity to have a [h]earing or giv[en] advance notice that there was an [i]nvestigation [i]n process"); Doc. 47 at 4 (alleging that Murray had a "Loudermill

5

Right, which included a hearing to present evidence to possibly have [her punishment reduced]").

**Conclusion**

For the foregoing reasons, Defendants' motions to dismiss are denied. Defendants shall answer the amended complaint by May 27, 2014.

May 6, 2014                                              _____
                                                          United States District Judge